[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO COMPEL (#132)
Practice Book §§ 223 and 227 limit interrogatories and requests for production in certain cases to only those specified in Practice Book Forms 106.10A through C and 106.11A through C. Further, Practice Book § 225 provides that "[n]o objection may be filed with respect to interrogatories which have been set forth in Practice Book Forms 106.10A, 106.10B and 106.10C for use in connection with Sec. 223." Practice Book § 228 provides the identical prohibition regarding requests for production, Practice Book Forms 106.11A through C.
Practice Book §§ 223 and 227 do provide that a litigant may move for permission to file non-standard discovery requests. The rules, however, do not provide any guidance as to what should be included in this motion. Additionally, the Practice Book is silent regarding objections to non-standard discovery requests where permission to file such has been granted.
The court, in order to grant such a motion, must determine "that such interrogatories [or requests for production] are inappropriate or inadequate in the particular action." Practice Book §§ 223 and 227. Clearly, the court must first make a determination as to the adequacy and appropriateness of the standard discovery requests as they pertain to the instant case.
There is no case law addressing this issue directly. There are several cases in which permission to file was denied, the court finding that the movant failed to establish the inadequacy of the standard interrogatories/requests for production. SeeWiniarski v. Heath, Superior Court, judicial district of New CT Page 2605 Haven, Docket No. 334780 (October 3, 1997) (Levin, J.), 20 CONN. L. RPTR. No. 15, 524; Roth v. Burke, Superior Court, judicial district of Fairfield, Docket No 324533 (December 26, 1996) (Levin, J.) (plaintiff objects); Marinaccio v. Viking Aluminum Products, Inc.,
Superior Court, judicial district of Fairfield, Docket No. 331428 (December 23, 1996) (Levin, J.) (defendant objects); Bordonaro v. Offsay,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542864 (December 4, 1996) (Sheldon, J.);Grable v. Krasowski, Superior Court, judicial district of Fairfield, Docket No. 334823 (December 3, 1996) (Levin, J.) (defendant objects).
The Practice Book does not explicitly require the submission of the proposed, non-standard discovery requests with the motion for permission to file non-standard discovery requests. The Practice Book only requires the court to determine the adequacy of the standard discovery requests as they pertain to this specific case. Therefore, when making a determination regarding the motion for permission, the court may or may not have reviewed the proposed requests.
Therefore, the granting of a motion for permission to file nonstandard discovery requests does not indicate the court's approval of the nonstandard discovery requests themselves. Since, as previously noted, there is no explicit prohibition of objections to nonstandard discovery requests, a party may choose not to contest the motion for permission to file such requests. Instead, a party may later object to the substance of the discovery request by timely filing an objection to the request pursuant to Practice Book § 225 or § 228.
Accordingly, the motion to compel (#132) is hereby ordered denied. The objection thereto (#133) is hereby ordered sustained. The parties are ordered to proceed to attempt a resolution of the objections as required by Practice Book § 225.
ARENA, J.